# United States Court of Appeals for the Fifth Circuit

———————

No. 24-10977
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
April 2, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Santos Isabel Huete-Torres,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:24-CR-146-1

———————————————————

Before Smith, Stewart, and Duncan, *Circuit Judges*.

Per Curiam:[*]

Santos Isabel Huete-Torres appeals his sentence for illegal reentry under 8 U.S.C. § 1326(a) and (b)(2), arguing for the first time on appeal that the enhancement of his sentence under § 1326(b) is unconstitutional because it is based on facts not alleged in the indictment and either admitted or proved beyond a reasonable doubt. He concedes this argument is foreclosed by

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-10977

*Almendarez-Torres v. United States*, 523 U.S. 224 (1998), but seeks to preserve it for further review.  The Government has filed an unopposed motion for summary affirmance or, alternatively, for an extension of time in which to file a brief.

Because Huete-Torres is correct that his argument is foreclosed, *see United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019); *see also Erlinger v. United States*, 602 U.S. 821, 838 (2024) (explaining that *Almendarez-Torres* "persists as a narrow exception permitting judges to find only the fact of a prior conviction" (internal quotation marks and citation omitted)), summary affirmance is appropriate, *see Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).  Accordingly, the Government's motion for summary affirmance is GRANTED, its alternative motion for an extension of time is DENIED, and the judgment of the district court is AFFIRMED.